IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BUCKSHAW, | : | |
|     Petitioner, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 21-CV-1059 |
| | : | |
| MARYLAND NATIONAL CAPITAL | : | |
| PARK AND PLANNING COMMISSION | : | |
| PARK POLICE, *et al.*, | : | |
|     Respondents. | : | |

<u>MEMORANDUM</u>

**SCHMEHL, J.  /JLS/**                                                                                                 **APRIL  15 , 2021**

      In this Memorandum, the Court explains why it will enjoin John J. Buckshaw from filing any further *habeas corpus* cases in this Court unless Buckshaw (1) captions his petition for this Court; (2) identifies a state criminal conviction from a county located within the Eastern District of Pennsylvania (*see* 28 U.S.C. § 118(a)); (3) pays the filing fee or moves to proceed *in forma pauperis*; and (4) files the petition on this Court's standard form as required by Local Civil Rule 9.3.

**I.**      **BUCKSHAW'S LITIGATION HISTORY**

      The Court previously set forth the history of Buckshaw's litigation activity, (*see* ECF No. 4) and will repeat that history here in support of the injunction.  Including the current *habeas corpus* petition, Buckshaw has filed nine petitions in this Court seeking *habeas* relief.  *See In re: Buckshaw*, Civ. A. No. 20-5715; *Buckshaw v. Fairfax Cty. Sheriff*, Civ. A. No. 20-6026; *Buckshaw v. Melvin High*, Civ. A. No. 20-6441; *Buckshaw v. Clearwater Police*, Civ. A. No. 20-6462; *Buckshaw v. State of Md.*, Civ. A. No. 20-6463; *Buckshaw v. Rosenburger*, Civ. A. No. 20-6464; *Buckshaw v. New York City Crim. Ct.*, Civ. A. No. 20-6477; *Buckshaw v. Melvin High*,

Civ. A. No. 20-6495.  None of the papers received by the Clerk of Court bore this Court's name in its caption, was filed using the Court required form, was hand signed, or was accompanied by the required filing fee or a motion to be excused from paying the required fee.  However, pursuant to Federal Rule of Civil Procedure 5(d)(4), the Clerk of Court may not refuse to file a paper solely because it is not in the form prescribed by the Federal Rules or this Court's Local Rules of Civil Procedure.  Accordingly, each time Buckshaw filed a petition with the caption of another court, it was filed as a new petition in this Court.

Including the current petition, Buckshaw has filed a total of forty-five (45) pleadings in this Court bearing the captions of other courts without paying the filing fees for those cases or seeking leave to proceed *in forma pauperis*.  To date, Buckshaw's forty-five (45) prior cases, including all of his prior *habeas* petitions, have been dismissed for failure to prosecute when he failed to comply with orders entered in those cases.  *See In re:  Buckshaw*, Civ. A. No. 20-5715; *Buckshaw v. McDonald's Hamburgers*, Civ. A. No. 20-5947; *Buckshaw v. Md. Nat'l Cap. Park and Plan. Comm's*, Civ. A. No. 20-5948; *Buckshaw v. States Attorneys*, Civ. A. No. 20-5949; *In re:  Buckshaw*, Civ. A. No. 20-5950; *In re:  Buckshaw*, Civ. A. No. 20-5951; *In re:  Buckshaw*, Civ. A. No. 20-5952; *Buckshaw v. Security Public Storage*, Civ. A. No. 20-5953; *Buckshaw v. General District Court*, Civ. A. No. 20-5954; *In re:  Buckshaw*, Civ. A. 20-5955; *J.J. Buckshaw & Assoc. v. Security Pub. Storage*, Civ. A. No. 20-5956; *In re:  Buckshaw*, Civ. A. No. 20-5957; *In re:  Buckshaw*, Civ. A. No. 20-5958; *In re:  Buckshaw*, Civ. A. No. 20-5959; *Buckshaw v. McDonald's Hamburgers*, Civ. A. No. 20-5960; *Buckshaw v. Md. Nat'l Cap. Park*, Civ. A. No. 20-5961; *Buckshaw v. United States Dep't of Transp.*, Civ. A. No. 20-5962; *In re:  Buckshaw*, Civ. A. No. 20-5963; *In re:  Buckshaw*, Civ. A. No. 20-5964; *Buckshaw v. State of N.J.*, Civ. A. No. 20-5965; *Buckshaw v. State of N.J.*, Civ. A. No. 20-5966; *Buckshaw v. Sheriff*, Civ. A. No.

20-5967; *Buckshaw v. Fairfax Cty. Sheriff*, Civ. A. No. 20-6026; *Buckshaw v. Altman*, Civ. A. No. 20-6440; *Buckshaw v. Melvin High*, Civ. A. No. 20-6441; *Buckshaw v. Clearwater Police*, Civ. A. No. 20-6442; *Buckshaw v. Clearwater Police*, Civ. A. No. 20-6462; *Buckshaw v. State of Md.*, Civ. A. No. 20-6463; *Buckshaw v. Rosenburger*, Civ. A. No. 20-6464; *Buckshaw v. McDonald's Hamburgers*, Civ. A. No. 20-6465; *Buckshaw v. Security Pub. Storage*, Civ. A. No. 20-6467; *Buckshaw v. New York City Crim. Ct.*, Civ. A. No. 20-6477; *Buckshaw v. LA Fitness*, Civ. A. No. 20-6493; *Buckshaw v. United States*, Civ. A. No. 20-6494; *Buckshaw v. Melvin High*, Civ. A. No. 20-6495; *In re John J. Buckshaw*, Civ. A. No. 21-1009; *John J. Buckshaw v. Commonwealth of Va.*, Civ. A. No. 21-1010; *John J. Buckshaw v. Commonwealth of Va.*, Civ. A. No. 21-1011; *John J. Buckshaw v. Commonwealth of Va.*, Civ. A. No. 21-1012; *John J. Buckshaw v. Commonwealth of Va.*, Civ. A. No. 21-1013; *John J. Buckshaw v. Commonwealth of Va.*, Civ. A. No. 21-1014; *John J. Buckshaw v. Security Public Storage*, Civ. A. No. 21-1015; *John J. Buckshaw v. Commonwealth of Va.*, Civ. A. No. 21-1016; *John J. Buckshaw v. Commonwealth of Va.*, Civ. A. No. 21-1017; *In re John J. Buckshaw*, Civ. A. No. 21-1018.  This abuse of the litigation process and the misuse of judicial resources to deal with that abuse has led to Buckshaw being enjoined from filing any addition non-*habeas corpus* cases in the United States District Court for the Eastern District of Pennsylvania.  (*See, e.g., In re Buckshaw*, Civ. A. No. 21-1009, ECF Nos. 7, 8.)[1]

---

[1] The same injunction order was entered by Judge Slomsky in each of Buckshaw's other then pending non-*habeas corpus* civil cases.  For ease of reference, all citations will be to Civil Action Number 21-1009 unless otherwise noted.

## II.   DISCUSSION

A district court may enjoin "abusive, groundless and vexatious conduct" pursuant to 28 U.S.C. § 1651(a), the All Writs Act. *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). This "broad scope of . . . power . . . is limited by two fundamental tenets of our legal system-the litigant's due process and access to the courts." *Id.* "There are three requirements that must be met before a court may issue such an injunction: '(1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the case.'" *Holman v. Hooten*, No. 11-78, 2015 WL 3798473, at *7 (E.D. Pa. June 17, 2015) (quoting *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013)); *see also Abdul-Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir. 1990) (noting that a pre-filing injunction is "an extreme remedy that must be narrowly tailored and sparingly used"). While "*pro se* litigants are not entitled to special treatment," *Brown v. City of Phila.*, Nos. 05-4160, 06-2496, 06-5408, 08-3369, 2009 WL 1011966, at *15 (E.D. Pa. Apr. 14, 2009), the use of a pre-filing injunction against a *pro se* litigant "must be approached with caution." *Grossberger*, 535 F. App'x at 86 (citing *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982)).

As stated by Judge Slomsky in entering an injunction to stop Buckshaw from continuing to file non-*habeas* civil cases unless he complies with certain requirements, Buckshaw has shown a pattern of emailing papers to the Clerk of Court at the email address established for unrepresented litigants to permit those litigants a means of filing other than through mail or in person. (*See* Civ. A. No. 21-1009, ECF No. 7 at 5.) This email address was established as an accommodation to the disruptions caused by the novel coronavirus pandemic. No paper Buckshaw has emailed to the Clerk of Court using that address is captioned with the name of the

United States District Court for the Eastern District of Pennsylvania. (*Id.*)  Rather, every paper contains a caption with the name of some other court and relates events over which this Court lacks subject matter jurisdiction, or for which venue is incorrect, or both. (*Id.*)

Buckshaw appears to have included this Court's email address in a string of email addresses to which he sends documents.  Pursuant to Federal Rule of Civil Procedure 5, the Clerk may not refuse to file a paper solely because it is not in the form prescribed by the Federal Rules.  Consequently, as stated by Judge Slomsky, while it might take Buckshaw a single keystroke to email his documents to whomever he may choose, when he emails documents to a federal court his actions have serious financial, staffing, and resource allocation implications for the Court. (*Id.* at 5-6.)  For these reasons, Buckshaw was ordered to show cause in this case why he should not be enjoined from filing any further *habeas corpus* cases in this Court unless Buckshaw (1) captions his petition for this Court; (2) identifies a state court criminal conviction from a county located within the Eastern District of Pennsylvania (*see* 28 U.S.C. § 118(a)); (3) pays the filing fee or moves to proceed *in forma pauperis*; and (4) files the petition on this Court's standard form as required by Local Civil Rule 9.3.

Buckshaw did not file a response to the show cause Order in this case.  However, the Court takes notice of the fact that he did file pleadings in Judge Slomsky's case, which might inform the analysis here.  In a document emailed to the Clerk of Court on March 8, 2021, Buckshaw stated:

> You can not file a case without a civil cover sheet there are no civil cover sheets with these cases. A civil cover sheet would show that the cases are related to the case filed at 02-2567 and 15 USCA Section 1-7 Monopolizing trade a felony done by deprivation of civil rights and unfair claims settlement practices committed by Richard Hohn, Aggressive Defendant Defense Counsel for Amtrak Police.

(Civ. A. No. 21-1009, ECF No. 4.)  In a document emailed to the Clerk on March 26, 2021, Buckshaw stated:

> The case was not filed the workers in the courthouse are harassing the litigant in other cases and putting things on the docket that were not filed as new cases and are actually related to the case at 02-2567 and should be placed in a miscellaneous file.

(*Id.*, ECF No. 5.)  In a document emailed to the Clerk on March 30, 2021, Buckshaw stated:

> No case was filed.  Never seen any orders all cases which were sent to this court are related and continuing from aggressive defendant counsel at 02-2567 undocket and put in misc docket no. 2-2567m.

(*Id.*, ECF No. 6.)

Judge Slomsky rejected these reasons why the injunction in the non-*habeas* cases should not be entered, finding them lacking in any merit.  The same reasoning applies to why Buckshaw should not be enjoined from filing additional *habeas* petitions, and the Court adopts Judge Slomsky's cogent analysis.  As stated by Judge Slomsky:

> To the extent Buckshaw asserts that he should not be enjoined because he did not send a civil cover sheet with his submissions, that assertion is irrelevant.  The obligation of the Clerk under Rule 5 to docket papers received by the Court is not limited to situations where a litigant has submitted a civil cover sheet; it is triggered by the filing of any paper with the Clerk of Court.  Furthermore, the requirement to file a civil cover sheet is not applicable to "persons filing civil cases pro se." E.D. Pa. Local Rule 40.1(c) note 3.  Asserting that a civil cover sheet "would" show his submissions are related to Civil Action 02-2567 is also irrelevant since, by his own assertion, Buckshaw never filed a cover sheet to indicate that intention.  Indeed, even after the Court responded to his first tranche of submissions, indicated that the Clerk was required to open new civil actions, and directed Buckshaw to clarify whether he intended to file civil actions in this Court, *see e.g., Buckshaw v. Md. Nat'l Cap. Park and Plan. Comm's*, Civ. A. No. 20-5948 (ECF No. 3, Order of December 4, 2020), Buckshaw failed to comply with that directive, never – with one caveat noted later – sought to clarify his intentions, and the use of additional judicial resources was required when the cases were eventually dismissed for failure to prosecute due to his non-compliance.  He nonetheless continued to submit papers without this or any other explanation.
> 
> To the extent Buckshaw asserts he should not be enjoined because "the workers in the courthouse are harassing the litigant in other cases and putting things on the docket that were not filed as new cases," the allegation is unsupported and summarily rejected.  The Court, the Clerk of Court, and Court personnel were not "harassing" Buckshaw.  Under the Federal Rules of Civil Procedure, the Clerk was required to open new civil actions to file Buckshaw's papers because his submissions could not be interpreted in any other manner.

> Again, after being placed on notice that his submissions had to be treated as new civil actions, Buckshaw did not clarify his intentions and continued to file papers that the Clerk was required to treat as case-opening documents.
>
> The explanation contained in Buckshaw's third response is difficult to understand. While he asserts "No case was filed," he clearly had notice that the Clerk was required to file his submissions as new cases and, again, never attempted to clarify his intention. His assertion that he "Never seen any orders" is also not good cause to prevent the issuance of an injunction since each of the Court's orders were emailed to the email address Buckshaw provided, and the fact that he has responded to the show cause order belies his assertion that he never saw the other Orders issued by the Court and sent to the same email address.
>
> Buckshaw's claim that "all cases which were sent to this court are related and continuing from aggressive defendant counsel at 02-2567 undocket and put in misc docket no. 2-2567m" is also not good cause to prevent the issuance of an injunction. If Buckshaw had intended to file pleadings in that case, he could have noted that docket number on his submissions. That he failed to do so after receiving Orders indicating his papers were being opened as new civil actions and continued to file papers without that docket number reference indicates he did not take seriously the impact of his litigation activity on scarce judicial resources.

(*Id.* ECF No. 7 at 6-9.)[2] The Court adopts Judge Slomsky's reasoning in its entirety and finds

that Buckshaw has failed to show cause why he should not similarly be enjoined from filing

---

[2] One other docket entry bears noting. Prior to the issuance of the Court's prior order directing Buckshaw to sign his petition and pay the filing fee or move for *in forma pauperis* status, he sent an email that the Clerk of Court docketed in this case that also referenced "02-2567." The email reads in its entirety "Mistake this case goes in a miscellaneous docket at 02-2567 John J. Buckshaw v. Philadelphia and Amtrak police it is captioned ib [sic] the District of Maryland."

The reference to "02-2567" appears to be a citation to a case Buckshaw filed in this Court on April 29, 2002 styled *Buckshaw v. Amtrac*, Civ. A. No. 02-2567. In that case he named as Defendants "Amtrac," the Philadelphia Municipal Court, the Hospital of the University of Pennsylvania, and the Pennsylvania Convention Center. That case was dismissed with prejudice by Judge Louis Pollack on February 13, 2003 and Buckshaw's appeal of that dismissal was dismissed by the United States Court of Appeals for the Third Circuit on December 29, 2003 because Buckshaw failed to pay the filing fee. No entries appear on that docket between the date of the return of the appellate mandate and March 3, 2021.

On that date, Buckshaw filed four Notices. The Notices are each an unsigned email with no text in its body. The subject lines of two of the emails read:

> Mistake this case is captioned EDVA not EDPA it goes in the miscellaneous docket number 02-2567 John J. Buckshaw vs Amtrak- Activity in Case 2:21-cv-01015-JHS BUCKSHAW v. SECURITY PUBLIC STORAGE et al Notice re: Pro Se Guidelines

addition *habeas* petitions in the United States District Court for the Eastern District of Pennsylvania.[3]

---

(ECF No. 21, 22.)  The subject lines of the other two emails read:

> Mistake this case is captioned EDVA not EDPA it goes in the miscellaneous docket number 02-2567 John J. Buckshaw vs Amtrak- Activity in Case 2:21-cv-01016-JHS BUCKSHAW v. COMMONWEALTH OF VIRGINIA Complaint

(ECF No. 23, 24.)  Judge Slomsky also addressed the notices filed in Civil Action 02-2567.  He determined that, beyond the fact that there is no such thing as a "miscellaneous docket" in Civil Action 02-2567 (or any other civil action for that matter),

> to the extent these unsigned, non-Rule 11 compliant papers may be an attempt by Buckshaw to clarify whether he intended to file papers in that case rather than new civil actions in this Court, these emails were not the appropriate way to do that.
>
> Buckshaw was given clear instruction in Orders filed on December 4, 2020 in Civil Action Numbers 20-5948 – 20-5967 that he was required to advise the Court by filing in **those** cases a Notice of Dismissal Pursuant to Federal Rule of Civil Procedure 41(a) if he did not intend to file new civil cases.  (*See e.g.*, Civ. A. No. 20-5948, ECF No. 3.)  He was given the same instruction in Orders filed in this tranche of cases on March 5, 2021.  (*See e.g.*, Civ. A. No. 21-1009, ECF No. 3.)  He has never complied with those Orders.

(Civ. A. No. 21-1009, ECF No. 7 at 8-9 n. 3.)  The Court adopts this reasoning as well.  Buckshaw was given clear instructions in each of his prior *habeas* cases to file a Notice of Dismissal Pursuant to Federal Rule of Civil Procedure 41(a) if he did not intend to file a *habeas* petition in this Court.  (*See In re: John J. Buckshaw*, Civ. A. No. 20-5715, ECF No. 4; *Buckshaw v. Fairfax Cty. Sheriff*, Civ. A. No. 6026, ECF No. 4; *Buckshaw v. High*, Civ. A. No. 20-6441, ECF No. 3; *Buckshaw v. Clearwater Police*, Civ. A. No. 20-6462, ECF No. 3; *Buckshaw v. State of Md.*, Civ. A. No. 20-6463, ECF No. 3 ; *Buckshaw v. Rosenburger*, Civ. A. No. 20-6464, ECF No. 3; *Buckshaw v. New York City Crim. Ct.*, Civ. A. No. 20-6477, ECF No. 3; *Buckshaw v. Melvin High*, Civ. A. No. 20-6495, ECF No. 3.)  He did not follow those instructions and additional judicial resources had to be expended to monitor those cases and eventually dismiss them for lack of prosecution.

[3] If indeed it was Buckshaw's intention to file papers in a case marked as closed in 2003, it remains unclear why he sent for filing in that case papers captioned for other courts and marked as *habeas* petitions when the 2003 case was not a *habeas* proceeding and none of the papers appear to have any relevance to the issues in that long ago closed case.  It also remains that no paper he submitted as a *habeas* petition complied with Rule 11.

### III. CONCLUSION

Finding that no good cause has been shown and the foregoing reasons, the Court enjoins John J. Buckshaw from filing any further *habeas corpus* cases in this Court unless Buckshaw (1) captions his petition for this Court; (2) identifies a state criminal conviction from a county located within the Eastern District of Pennsylvania (*see* 28 U.S.C. § 118(a)); (3) pays the filing fee or moves to proceed *in forma pauperis*; and (4) files the petition on this Court's standard form as required by Local Civil Rule 9.3. This injunction is appropriate since Buckshaw has continually abused the judicial process, has been afforded notice of the potential injunction, and been afforded an opportunity to oppose the Court's Order. The injunction is narrowly tailored to fit the specific circumstances of these cases since Buckshaw is not prevented from filing a *habeas* petition that is captioned for this Court, that identifies a state criminal conviction from a county located within the Eastern District of Pennsylvania, that is filed on the Court's standard form, and for which Buckshaw has pays the filing fee or seeks to proceed *in forma pauperis*. In other words, Buckshaw is not prejudiced in any way from seeking *habeas* relief from this Court under appropriate circumstances and by following proper procedures. An Order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**